In the United States District Court
Eastern District of Arkansas
Western Division

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 13 2017

JAMES W. McCORMACK, CLERK
By:
DEP CLERK

John Douglas Stroud                                                      Plaintiff

v.                          Case No. 4:17cv663-DPM

Jacob Law Group, PLLC
Michael A. Jacob, II                                                     Defendants

**Complaint** This case assigned to District Judge _Marshall_
and to Magistrate Judge_ _Kearney_

1.     Defendants sued John Douglas Stroud (Doug Stroud) on a

consumer debt (a) in a county in which he did not sign the contract sued

upon, nor in which he resided at the commencement of the debt-collection

civil action; (b) for more money that allowed by the agreement creating the

debt or by law; (c) past Arkansas' three-year statute of limitations for a suit

on an account.

## Jurisdiction

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1367, and

15 U.S.C. § 1692k(d).

3.     This action arises out of Defendants' violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the

Arkansas Fair Debt Collection Practices Act ("AFDCPA") and Ark. Code

Ann. § 17-24-501, *et seq.*, in their illegal efforts to collect a consumer debt

from Doug Stroud.

4.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

5.      Defendants have transacted business within Arkansas by attempting to collect this debt from Doug Stroud using litigation, while he was located within and residing in Arkansas.

## Parties

### *Jacob Law Group PLLC*

6.      Jacob Law Group PLLC (Jacob Law Group), is a foreign limited liability company organized under Mississippi law operating from 2623 West Oxford Loop, Oxford, Mississippi 38655.

7.      Jacob Law Group is a law firm.

8.      The FDCPA and the AFDCPA apply "to lawyers engaged in litigation[.]"[1]

### *Jacob Law Group is a debt collector*

9.      Jacob Law Group is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

10.     The term "debt collector" has two prongs:

   a.      any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

---

[1] *See Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 295 (1995).

    b.    any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.[2]

11.    Jacob Law Group uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

12.    Jacob Law Group regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another.

## *Michael Jacob*

13.    Michael A. Jacob, II (Michael Jacob) is an individual who, upon information and belief, resides in Lafayette County, Mississippi.

14.    Michael Jacob is an attorney licensed to practice law in Arkansas.

15.    At the time of the events giving rise to the Complaint, Michael Jacob primarily collected defaulted consumer debt through litigation for his principal, Jacob Law Group.

16.    The FDCPA and the AFDCPA apply "to lawyers engaged in litigation[.]"[3]

---

[2] 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

[3] *See Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 295 (1995).

*Michael Jacob is a debt collector*

17.   At the time of the events giving rise to this Complaint, Michael Jacob was a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

18.   The term "debt collector" has two prongs:

    a.   any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

    b.   any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.·

19.   Michael Jacob uses instrumentalities of interstate commerce or the mails in his business and the business of the Jacob Law Group, the principal purpose of which is the collection of debts.

20.   Michael Jacob individually and as an agent for the Jacob Law Group regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another.

## Factual Allegations

21.   Within one year immediately preceding the filing of this pleading, Defendants attempted to collect from Doug Stroud a financial obligation

---

· 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4).

22.    Doug Stroud has continuously lived in Pulaski County, Arkansas for his entire adult life.

23.    In 2010, Doug Stroud, while at his home in Pulaski County, Arkansas, went online and applied for a loan with Pioneer Services a Division of MidCountry Bank (Pioneer Services).

24.    Doug Stroud had applied for and received loans from Pioneer Services before.

25.    Doug Stroud was approved for the loan.

26.    The last payment Doug Stroud made on the loan was in February 2013.

27.    Pioneer Services retained Defendants to collect on the loan from Doug Stroud after he defaulted.

28.    On or about November 30, 2016, Pioneer Services commenced a civil action against Doug Stroud by filing a debt collection complaint against him in the Circuit Court of Lonoke County, Arkansas.

29.    The debt collection complaint asserts a cause of action on an account by alleging as follows: "Plaintiff, holds in due course a claim against the Defendant pursuant to a PIONEER SERVICES A DIVISION OF MID COUNTRY BANK account. The account is in default and is presently due and owing in the amount listed below."

30. The statute of limitations to sue on an account in Arkansas is three years.[5]

31. The debt collection complaint alleged that Doug Stroud's account with Pioneer Services was in default and that he owed Pioneer Services $10,114.20 in "Principle and Accrued Interest."

32. The debt collection complaint was signed by Michael Jacob, who at the time was an agent for his principal Jacob Law Group.

33. The debt collection complaint was filed past Arkansas' three-year statute of limitations for a suit on account.

34. On or about December 16, 2016, Doug Stroud was served with the summons and debt collection complaint at his home in Pulaski County, Arkansas.

35. Doug Stroud was confused as to why he had been sued in Lonoke County, Arkansas, because he did not live in Lonoke County and had not applied for a loan in Lonoke County.

36. After being served with the debt collection complaint, Doug Stroud obtained and reviewed his credit reports from Equifax, Experian, and Trans Union.

37. All three of Doug Stroud's credit reports showed that on November 30, 2016, the same day the debt collection complaint was filed

---

[5] *See Northwest Arkansas Recovery Inc. v. Davis*, 89 Ark. App. 62, 200 S.W.3d 481 (2004) (citing Ark. Code Ann. § 16-56-105).

against him, that Pioneer Services reported to each credit reporting agency that he only owed $6,419.00, not the $10,114.20, he had been sued for.

38. Doug Stroud retained counsel and became contractually obligated for attorney fees to defend the debt collection civil action.

39. On January 12, 2017, Doug Stroud filed and served a motion to dismiss for improper venue in the debt collection civil action.

40. Defendants never filed a response to the motion to dismiss.

41. On April 3, 2017, the Circuit Court signed, filed, and entered an order granting the motion to dismiss for improper venue and dismissing the case without prejudice.

42. Defendants' attempts to collect a debt from Doug Stroud by filing a civil action in a judicial district or similar legal entity other than where he resides or signed the contract were false and deceptive attempts to collect a debt in violation of the FDCPA, 15 U.S.C. § 1692i, and the AFDCPA, Ark. Code Ann. § 17-24-510(a).

43. Defendants' attempts to collect from Doug Stroud $10,114.20 in principle and interest, when in actuality he only owed $6,419.00 as reported on by Pioneer Services to the credit reporting agencies, were false and deceptive attempts to collect a debt in violation of the FDCPA, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692f(1), and the AFDCPA, including but not limited to Ark. Code Ann. §§ 17-24-505(a), 17-24-506(a), 17-24-506(b)(2), 17-24-506(b)(5), 17-24-506(b)(7), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(b).

44.    Defendants' attempts to collect a debt from Doug Stroud that was beyond the Arkansas three-year statute of limitations for suit on an account were false and deceptive attempts to collect a debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f and 1692f(1), amongst others,⁶ and the AFDCPA, including but not limited to Ark. Code Ann. §§ 17-24-505(a), 17-24-506(a), 17-24-506(b)(2), 17-24-506(b)(4), 17-24-506(b)(5), 17-24-506(b)(7), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(b).

### *Summary*

45.    Defendants' false representations were unfair and deceptive attempts to collect a debt, which materially misled Doug Stroud as to his rights under the FDCPA and the AFDCPA, and which affected and frustrated Doug Stroud's ability to intelligently respond to Defendants' collection efforts.

46.    All of the communications as alleged herein by these Defendants and the employees and agents of Jacob Law Group, constitute false and deceptive communications made in violation of numerous and multiple provisions of the FDCPA and the AFDCPA including but not limited to all of the provisions cited herein, amongst others.

---

⁶ *See Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 (8th Cir. 2001) (the attempt to collect a time-barred consumer debt through litigation is a violation of the FDCPA).

## *Respondeat Superior Liability*

47.   The acts and omissions of Michael Jacob, an agent of Jacob Law Group, who communicated with Doug Stroud was committed within the time and space limits of his agency relationship with his principal, Jacob Law Group.

48.   The acts and omissions by Michael Jacob was incidental to, or of the same general nature as, the responsibilities he was authorized to perform by Jacob Law Group in collecting consumer debts.

49.   By committing these acts and omissions against Doug Stroud, Michael Jacob was motivated to benefit his principal, Jacob Law Group.

50.   Jacob Law Group is therefore liable to Doug Stroud.

## Standing

51.   Doug Stroud has standing under Article III of the United States Constitution because he has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants described herein, and his injury in fact is likely to be redressed by a favorable judicial decision in this Court.

52.   Doug Stroud's injury in fact is both particular and concrete because he suffered an invasion of legally protected interest that is concrete, particularized and actual or imminent.

53.   Many provisions of the FDCPA and the AFDCPA recognize a consumer's rights and redress for violations of those rights, including the

right to be left alone from debt collection efforts in filing lawsuits judicial districts where the consumer neither signed the loan nor resides, in the right not to be sued past the applicable statute of limitations, and including the right not to be sued for more money than allowed by any agreement or law.

54.    Doug Stroud has standing because he suffered actual damages, including incurring an obligation to pay attorney fees to defend the debt collection civil action, and garden variety emotional distress damages for being sued in a county he had no connection with, being sued past the applicable statute of limitations, and being sued for more money that allowed under any agreement or law.

## Causes of Action

### *Count I – Violations of the FDCPA, 15 U.S.C. § 1692, et seq.*

55.    Doug Stroud incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, 1692f(1), and 15 U.S.C. § 1692i, with respect to Doug Stroud.

57.    As a result of Defendants' violations of the FDCPA, Doug Stroud is entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 against each Defendant under 15 U.S.C.

§ 1692k(a)(2)(A); and, reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), from Defendants herein.

### *Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.*

58.   Doug Stroud incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the AFDCPA, including by not limited to Ark. Code Ann. 17-24-505(a), 17-24-506(a), 17-24-506(b)(2), 17-24-506(b)(4), 17-24-506(b)(5), 17-24-506(b)(7), 17-24-506(b)(10), 17-24-507(a), 17-24-507(b), and 17-24-510, with respect to Doug Stroud.

60.   As a result of Defendants' violations of the AFDCPA, Ark. Code Ann. § 17-24-512(a)(1); statutory damages in an amount up to $1,000.00 against each Defendant under Ark. Code Ann. § 17-24-512(a)(2)(A); and reasonable attorney's fees and costs under Ark. Code Ann. § 17-24-512(a)(3)(A), from Defendants herein.

### Jury Demand

61.   Doug Stroud demands a trial by jury.[']

### Prayer for Relief

62.   Plaintiff Doug Stroud prays that judgment be entered against Defendants as follows:

---

['] U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

a.    for an award of actual damages under 15 U.S.C. §

1692k(a)(1), and Ark. Code Ann. § 17-24-512(a)(1);

b.    for an award of statutory damages of $1,000.00 under 15

U.S.C. § 1692k(a)(2)(A) against each Defendant;

c.    for an award of statutory damages of $1,000.00 under Ark.

Code Ann. § 17-24-512(a)(2)(A), against each Defendant;

d.    for an award of costs of litigation and a reasonable attorneys'

fees under 15 U.S.C. § 1692k(a)(3), and Ark. Code Ann. § 17-

24-512(a)(3)(A), against all Defendants; and

e.    for such other and further relief as may be just and proper.

By: _____
     Corey D. McGaha
     Ark. Bar No. 2003047
     William T. Crowder
     Ark. Bar No. 2003138
     CROWDER MCGAHA, LLP
     5507 Ranch Drive, Suite 202
     Little Rock, AR 72223
     Phone: (501) 205-4026
     Fax: (501) 367-8208
     cmcgaha@crowdermcgaha.com
     wcrowder@crowdermcgaha.com

# Verification

State of Arkansas        )
County of Pulaski        )

Under 28 U.S.C. § 1746, Plaintiff John Douglas Stroud, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.    I am the Plaintiff in this civil action.
2.    I have read the foregoing Complaint prepared by my attorneys.
3.    I believe that all of the facts contained in the Complaint are true, to the best of my knowledge, information, and belief formed after a reasonable inquiry.
4.    I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
5.    I believe that this Complaint is not interposed for any improper purpose, such as to harass any named Defendant, cause unnecessary delay to any named Defendant, or create a needless increase in the cost of litigation to any named Defendant.
6.    I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

This 13th day of October, 2017.

/John Douglas Stroud